17214

SUMTER ELECTRIC REWINDING COMPANY, Respondent, v.
AIKEN COUNTY S. C. CLAYS, INC., Appellant

(95 S. E. (2d) 259)

*Messrs. Lybrand, Simons & Smith,* of Aiken, *for Appellant,*

*Messrs. Dufour & Dufour,* of Aiken, *for Respondent,*

October 31, 1956.

Taylor, Justice.

This appeal comes from the Court of Common Pleas for Aiken County where respondent brought an action upon an open account in the sum of $1,842.26. Appellant, by way of answer, admitted the account but alleged as a defense that respondent was indebted to it in the sum of $2,500.00 as evidenced by its promissory note given for the purchase of a diesel powered shovel and asked for judgment in the sum of $758.06, also $1,741.94, with interest at the rate of five per cent per annum from May 29, 1952, less the amount owed on the original account of $1,842.26. Respondent in its reply alleged that the sale of the power shovel by appellant to it was never consummated, in that it was not in the condition as represented by appellant and had been rejected upon inspection. The matter was referred to the Master of Aiken County by consent of the parties, who found that re-

spondent had sufficient opportunity to inspect and reject the property but had not done so until after he had purchased the shovel and had executed a note as payment therefor, in the amount of $1,791.44, which at that time represented the difference between the amount owed appellant by respondent and the $2,500.00 purchase price. Exceptions were duly taken to the Master's report and heard by the Resident Judge of the Second Circuit who held that the evidence did not show an acceptance of the shovel by respondent; that respondent had not inspected the property before the note was signed in Sumter, South Carolina; that the shovel was at the bottom of the clay pit in Aiken County and while so situated it was not practical for respondent to inspect the property because of the muddy condition of the ground and that it was understood between the parties that it was to be moved by appellant to higher ground in order that it might be inspected; that within a reasonable time after the shovel was so moved, inspection and rejection were made by respondent for the reason that the diesel motor had been represented as being suitable for use as a power unit whereas upon inspection it was disclosed that there was a large hole in the motor and the head had been welded which rendered it useless as a power unit but was scrap along with the rest of the shovel and ordered that respondent have judgment against the appellant in the sum of $1,842.26; and appellant comes to this Court upon four exceptions:

"1. That the Court erred in failing to find that the sale was consummated at the time the note was signed, the error being that the testimony shows the note was executed by way of payment of the sale price of the shovel and such sale was not conditioned upon an inspection and possible rejection by the plaintiff.

"2. That the Court erred in finding that the evidence does not show an acceptance of the shovel by the plaintiff, the error being that the only reasonable inference from the testimony is that there was such acceptance by the plaintiff.

"3. That the Court erred in finding as a fact that the inspection and rejection of the shovel by the plaintiff was made within a reasonable period of time after the transaction between the parties, the error being that the plaintiff unreasonably delayed inspecting and rejecting the same.

"4. That the Court erred in not finding that the plaintiff is estopped to set up an inspection and rejection of the shovel, the error being that the testimony shows by his conduct, plaintiff waived his right to set up inferiority of quality of the shovel and also waived all right to inspect and reject same."

Action in this case being upon open account was clearly an action at law but was submitted to the Master by the consent of the parties. While the finding of facts as well as of law by the referee may be affirmed, modified, or reversed by the Circuit Judge upon exceptions to the referee's report, this Court has no power to review the conclusion of the Circuit Judge in a law case for the reason that jurisdiction of the Supreme Court is limited by the constitution to the correction of error at law; and it can only review findings of fact in chancery cases. *Meetze v. Charlotte, Columbia & Augusta R. Co.,* 23 S. C. 1; *Gregory v. Cohen & Sons,* 50 S. C. 502, 27 S. E. 920; *Furst & Thomas v. Whitmire,* 135 S. C. 33, 133 S. E. 222; *Weston v. Morgan,* 162 S. C. 177, 160 S. E. 436; *Mason v. Williams,* 205 S. C. 130, 31 S. E. (2d) 140; *Phillips v. DuBose,* 223 S. C. 224, 75 S. E. (2d) 56.

A review of the testimony reveals that Mr. Slaughter, an agent of appellant, testified in part as follows:

"Q. Mr. Slaughter, at the time of this alleged sale of the unit to Mr. Brunson, did Mr. Brunson request that it be taken from the pit, from the location in the pit, where it was situated, to higher ground in order that it could be inspected by a prospective purchaser? A. Yes.

\* \* \*

Q. And Mr. Brunson was to come down and inspect that shovel after you had it taken out from the lower level to higher ground? A. Yes.

\* \* \*

Q. It was part of your understanding that you were to move that shovel out for Mr. Brunson? A. I don't know it was in the light of your question. It was agreed that the shovel would be brought out of the hole to the bank of the pit.

Q. Is that an easy thing to do? A. No. It required part of a day to move it, to get it out.

Q. You decided that it was to be taken out of the pit for the purpose of inspection? A. I would not say that; but I might have. It was understood that it was to be taken out of the lower level and brought to higher ground.

\* \* \*

A. The only conversation we had was that the shovel would be brought up to the pit bank, and he undoubtedly, said he would inspect it. I imagine he wanted to inspect it so he would have firsthand statements for any prospective buyers.

\* \* \*

Q. Mr. Slaughter, is it true that on an occasion after you took the note, after this note was signed by Mr. Brunson that he came down here, after requesting that the machine be brought up for inspection and at the time he came down then you advised him against going into the pit because of it being wet, and that you had to wait for weeks before you could get the machine out? A. There could have been such a conversation on one of these visits.

\* \* \*

Q. The $2,500.00 valuation that you placed on it as a diesel engine being placed on it as a power unit? A. Yes. That was my plan."

Mr. Brunson, respondent's agent, testified to the effect that it was two or three months after signing the note before

the shovel was moved and he was afforded the opportunity of inspecting it.

From the foregoing, it is evident that the conclusions of facts by the Circuit Judge are not without evidentiary support and are, therefore, conclusive and not reviewable here. We are, therefore, of the opinion that all exceptions should be dismissed and the order and judgment appealed from affirmed; and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.