18760

Josephine GAUSE, by Her Guardian *ad Litem,* Lena Gause, Respondent,
v. Isaiah LIVINGSTON, Appellant

(159 S. E. (2d) 604)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Respondent.*

February 16, 1968.

Moss, Chief Justice.

Josephine Gause, a minor, the respondent herein, was injured on the night of June 11, 1965, while riding as a passenger in a Chevrolet automobile owned by Isaiah Livingston, the appellant herein, and driven at the time by his son, Henderson Livingston. This action was brought by respondent through her guardian *ad litem* to recover for

injuries received when the aforesaid automobile left the highway and wrecked in a ditch adjacent thereto.

The respondent alleged in her complaint that the driver of the automobile operated it in a reckless and willful manner, in failing to keep a proper lookout, in failing to apply brakes so that he could keep the automobile under control, in failing to use both hands in the operation of said vehicle, in operating said vehicle too fast for conditions then and there existing, and in operating said vehicle when the brakes were not in proper working order, and that the tires on said automobile were not in a safe operating condition.

The appellant answered denying that his son operated the automobile in a reckless and willful manner and pled the guest statute as a further defense.

This case came on for trial at the 1967 May term of the Court of Common Pleas for Horry County, before the Honorable James B. Morrison, Presiding Judge, and a jury, and resulted in a verdict in favor of the respondent for actual damages.

At appropriate stages of the trial the appellant made motions for a nonsuit and directed verdict in his favor, and after the verdict for judgment *non obstante veredicto,* and in the alternative for a new trial, upon the ground that there was no evidence of actionable recklessness and willfulness on the part of the appellant. The trial judge refused the aforesaid motions and this appeal followed.

Since the respondent was a guest passenger in the automobile of the appellant her right to recover in this action was governed by the provisions of Section 46-801 of the 1962 Code of Laws, which restricts liability to a guest to cases where injury has resulted from either the intentional or reckless misconduct of the owner or operator of the motor vehicle. *Crocker v. Weathers,* 240 S. C. 412, 126 S. E. (2d) 335. The burden is upon the guest to establish that her injuries were the result of will-

ful or reckless misconduct in the operation of the automobile. *Ray v. Simon*, 245 S. C. 346, 140 S. E. (2d) 575.

The question of whether or not there was error in refusing the motions of the appellant for a nonsuit, directed verdict and judgment *non obstante veredicto* requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light favorable to the respondent. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference the question is no longer one for the jury but one of law for the court.

It appears from the record that on June 11, 1965, at about 10:00 o'clock P. M., Henderson Livingston, with permission, was driving the family car owned by the appellant herein. Hazel Gore Bellamy, Randolph Crawford and Josephine Gause were passengers in the said automobile. The car was traveling north on Highway No. 90 and between Wampee High School and Nixon's Crossroads the automobile left the highway and wrecked in a ditch on the left-hand side of said highway, resulting in the injuries to the respondent. At the point where the wreck took place the road was straight for a distance of a quarter of a mile to the north and one-half to three quarters of a mile to the south. No other automobile was involved. The road was one of asphalt and had been recently resurfaced. A misty rain was falling at the time and the road was wet. The officer who investigated the wreck testified that he checked the tires on the automobile and they were slick. He further testified that he found no marks on the paved surface of the road, "it just looked like the car run off the shoulder" and "just angled off and ran into the ditch on the left-hand side of the road."

It appears from the evidence that Hazel Gore Bellamy was riding in the front seat with Henderson Livingston. It was her testimony that he was not driving over the posted speed limit of 55 miles per hour. As the automobile

approached the scene of the accident she was seated close by Henderson "about midway of the front seat" with her knees on the dashboard. She was wearing Bermuda shorts. She and Henderson were discussing whether a bikini bathing suit would be becoming to her and whether she should wear one at Atlantic Beach to which they were driving. She "extended (her legs) up a little bit", inferentially, for appraisal in the light of the discussion. "Right after that" —"within seconds", the car ran off the right side of the road, then across the roadway and shoulder into the deep ditch on the left side.

Although the occupants of the car testified that they paid no attention to Henderson's driving and noticed nothing unusual about it, the automobile did run off the road once before reaching the scene of the accident, causing Josephine Gause to admonish him to "look where he was going".

It further appears that although the car traveled a considerable distance in angling from the right shoulder to the ditch there was no application of brakes or other effort to control its movement. Henderson's testimony attributed his loss of control to an unexpected failure of the steering apparatus. He made no effort to fortify this position by testimony as to a post-accident examination of the vehicle by an expert or otherwise. His unsupported statement was not conclusive as to how the accident occurred. It was the function of the jury to decide what weight should be given to his testimony.

It was Henderson's duty to keep under proper control the automobile which he was operating in the nighttime, during a misty rain, with slick tires, on a road admitted by him to be slippery, at speeds of from 45 to 55 miles per hour. If he had done so the automobile would not have run off of the left side of the highway, across the shoulder and into the ditch where the respondent was injured. The driver's failure to exercise required control *prima facie* inculpates him and calls for a reasonable

explanation. *Yaun v. Baldridge,* 243 S. C. 414, 134 S. E. (2d) 248.

An inference may be reasonably drawn from the evidence that Henderson's inattention to his duties as operator of the motor vehicle, under circumstances which reasonably required the exercise of a high degree of care, was a proximate cause of respondent's injuries. It was for the jury to say whether this inference should be drawn, and if so, whether Henderson was conscious of his failure to exercise due care, that is, whether he acted recklessly within the meaning of the guest statute.

It follows that there was no error on the part of the trial judge in refusing the motions of the appellant for a directed verdict and for judgment *non obstante veredicto.*

When Lena Gause, the mother of and guardian *ad litem* of Josephine Gause, was on the stand the trial judge permitted her, over the objection of the appellant, to testify that the father of Josephine Gause had been blind for twenty-five years and that she was the mother of six children and was the sole support of Josephine. The appellant made a motion for a new trial, asserting that the trial judge committed error in admitting the foregoing testimony because such was irrelevant and immaterial to any issue in the case and was highly prejudicial to the appellant. In order for testimony to be admissible there must be a logical or rational connection between the fact which is sought to be presented and a matter of fact which has been made an issue in the case. It is necessary that the fact shown by the evidence offered legally tends to prove, or make more or less probable, some matter in issue and bear directly or indirectly thereon. If there is no such logical or rational connection between the fact sought to be presented and a matter of fact in issue in the case the evidence is immaterial and inadmissible. *Toole v. Salter,* 249 S. C. 354, 154 S. E. (2d) 434. The foregoing evidence, admitted over objection, was not relevant to any issue existing between the respondent and the appellant. We cannot say with

any reasonable certainty that the erroneous admission of the foregoing evidence did not, in fact, prejudice the appellant's case. There is a reasonable probability that the sympathy of the jury was aroused in favor of the respondent by the admission of such extraneous evidence, all to the prejudice of the appellant. A verdict so gained should not be allowed to stand. The only remedy is a reversal of the judgment so that a trial can be had with this irrelevant evidence excluded. It is our conclusion that because of the erroneous admission of the foregoing irrelevant testimony a new trial should be and is hereby granted.

The judgment of the lower court is reversed and this case remanded thereto for a new trial.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.