## 20733

Sandra G. THOMAS, Respondent, v. Bob HANCOCK and New Raintree Apartments, Appellants.

(246 S. E. (2d) 604)

*Robert E. Salane* and *Edmund H. Monteith,* Columbia, *for appellants.*

*Lee M. Ramsey,* Columbia, *for respondent.*

August 1, 1978.

Lewis, Chief Justice:

This appeal is from a verdict for respondent for $875.00, actual damages, and $1,000.00, punitive damages, for the alleged wrongful eviction of respondent by appellants from

an apartment in the New Raintree Apartment Complex, located near Columbia, South Carolina. The sole issue (preserved by appellants' timely motions for non-suit, directed verdict, and judgment notwithstanding the verdict) is whether there was any evidence to sustain the finding that respondent was evicted from the apartment. Since we find no evidence to sustain the conclusion that there was an eviction, the judgment must be reversed.

In determining whether the evidence sustains the verdict, we must consider the testimony and the reasonable inferences to be drawn therefrom in the light most favorable to respondent and affirm the verdict if more than one reasonable inference can be drawn. However, if no reasonable inference can be drawn from the evidence to sustain the verdict, the question is one of law for the court and the verdict must be set aside. *Gause v. Livingston,* 251 S. C. 8, 159 S. E. (2d) 604.

On October 12, 1974, respondent entered into possession of an apartment in the New Raintree Apartments under a written lease. As the result of an incident which occurred on November 15, 1974, respondent was requested, first, by the manager to vacate the apartment within twenty-four (24) hours and, shortly thereafter, by the appellant Hancock, agent of the owner, to vacate it within one week. She left the apartment within twenty-four hours and her furniture was removed at her direction by the end of the month. She made no further rental payments after her furniture was removed. This action was subsequently instituted and, upon trial, resulted in the verdict for respondent for her alleged wrongful eviction.

While respondent contends that she was evicted from her apartment, appellants maintain that she voluntarily vacated the premises. The evidence, viewed most favorably to respondent, shows that respondent abandoned her apartment in accordance with the landlord's request that she vacate. This request of the landlord (appellants) was prompted by the incident at respondent's apartment on November 15,

1974, over which respondent had no control and in which she was not at fault. Respondent vacated the apartment believing that appellants had authority to request her to leave or to initiate ejectment proceedings.

Generally, an eviction may be actual or constructive. The contention of respondent in this case is that her surrender of possession of the leased premises amounted to a constructive eviction.

Ordinarily, an *actual eviction* is an actual expulsion or physical ouster of the tenant from a material part of the premises; while a *constructive eviction* results from an intentional act or omission of the landlord, or those acting for him, that deprives the tenant of possession or substantially interferes with his beneficial use or enjoyment of the leased premises or a substantial part thereof, followed by the tenant's abandonment within a reasonable time. 49 Am. Jur. (2d), Landlord and Tenant, Sections 300-301; 52 C. J. S. Landlord and Tenant §§ 450 and 455.

The foregoing principles are concisely stated in 1 Tiffany Law of Real Property, Section 141:

Not only is an act, which in itself involves a direct deprivation of possession, regarded as an eviction, but so is any other act which so affects the tenant's enjoyment of the premises that he relinquishes possession, provided this act is legal justification for such relinquishment.

Of course, the abandonment of the leased premises by the tenant under such circumstances as to constitute a voluntary surrender of possession is not an eviction. 49 Am. Jur. (2d), Landlord and Tenant, Section 300.

The sole basis for the claim of constructive eviction in this case is the oral demand of the landlord that respondent vacate the premises. The cases hold such notice alone, followed by release of the premises, does not constitute an eviction. 49 Am. Jur. (2d), Landlord and Tenant, Section 305. A re-

view of the cases upon the subject may be found in the annotation in 14 A. L. R. (2d) 1450 where it is stated:

There is some authority to the contrary, but the prevailing view would seem to be that a mere notice to the tenant to quit, followed by his vacation of the premises, is not of itself sufficient to constitute an eviction and give the tenant a right to damages, the theory being that to constitute a constructive eviction there must be some substantial interference which is injurious to the tenant's beneficial use and enjoyment of the premises.

The evidence here fails to show an eviction of respondent from the premises. No legal proceedings were instituted by appellants to eject respondent; and there was no physical eviction or removal of respondent's property from the apartment, nor any attempt to do so. The only action of appellants and contact between them and respondent was the oral request or demand on November 15, 1974 for possession of the apartment. The record fails, therefore, to show any act of appellants which interfered with respondent's use and enjoyment of the premises.

The judgment is accordingly reversed and the cause remanded for entry of judgment in favor of appellants.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.