0586

PLEASANTBURG WAREHOUSE COMPANY, Respondent, v. GLOBAL DISTRIBUTION, INC., Appellant.

(339 S. E. (2d) 135)

Court of Appeals

*Adam Fisher, Jr.*, Greenville, *for appellant.*

*Wallace A. Mullinax, Jr.*, Greenville, *for respondent.*

Heard Oct. 16, 1985.

Decided Dec. 2, 1985.

GARDNER, Judge:

Pleasantburg Warehouse Company (the landlord), sued Global Distribution, Inc., (the tenant) for past-due rent, utility and tax payments allegedly owed by the tenant to the landlord. The tenant counterclaimed for both breach of covenant and constructive eviction. On motion for directed verdict at the close of the tenant's case, the trial judge directed a verdict against the tenant on the issue of constructive eviction but submitted all other issues to the jury, which returned a verdict in favor of the landlord. We affirm.

The sole issue on appeal is whether the trial judge erred in directing a verdict against the tenant on the issue of constructive eviction.

The roof of the leased building began to leak in late December 1981. The landlord was notified and he made repairs in January 1982. The leakage continued despite further repairs and then the building was reroofed at a cost of approximately $50,000 in March of 1982. The tenant paid the rent up to January 15, but failed to make any payments after that. In June the landlord instituted an ejectment suit in Magistrate's Court, which resulted in an order of ejectment. The tenant then moved from the building before being evicted by the sheriff.

The tenant contends it was constructively evicted from the leased premises. The necessary elements of a cause of action for constructive eviction are (1) that by some intentional act or omission of the landlord the tenant is deprived of possession or that by some intentional act or omission the landlord substantially interferes with the tenant's beneficial use or enjoyment of the leased premises and (2) as a result of the act or omission by the landlord, the tenant abandons the premises. *Thomas v. Hancock*, 271

S. C. 273, 246 S. E. (2d) 604 (1978); 52 C.J.S. *Landlord and Tenant* § 455-457 (1968); 49 Am. Jur. (2d) *Landlord and Tenant* § 301-302 (1970).

The record before us establishes that the tenant vacated the leased premises upon receiving a lawful order of ejectment by the magistrate. We hold that the trial judge properly found that the tenant vacated the premises as a result of the ejectment order and not as a result of the leakage problem.

For the reasons stated, the judgment below is affirmed.

Affirmed.

SHAW, J., and LITTLEJOHN, Acting J., concur.