1288

Gene SHEEK, Appellant v. CRIMESTOPPERS ALARM SYSTEMS, DIVISION OF GLEN CURT CONSULTANTS, and Curtis M. Head, Individually and as an agent for Crimestoppers Alarm Systems, Respondents.

(377 S. E. (2d) 132)

Court of Appeals

W. *Harold Christian, Jr.*, Greenville, *for appellant.*

*Vance B. Drawdy* and *Michael A. Farry*, Greenville, *for respondents.*

Heard Dec. 14, 1988.

Decided Feb. 6, 1989.

SHAW, Judge:

Appellant, Gene Sheek, brought this action against respondents, Crimestoppers Alarm Systems, and Curtis M. Head, alleging negligence, breach of contract, fraud and unfair trade practices. The case was referred to the Master for trial. After a hearing on the matter, the Master found in favor of respondents. Sheek appeals. We affirm.

Sheek met Head at a home show where Head had a booth for Crimestoppers. Sheek subsequently contacted Head to install a burglar alarm system in Sheek's home in Mauldin. In 1984, Sheek contacted Head again to install an alarm system in Sheek's new home. Head, in the presence of Sheek, surveyed the layout of the new house and designed a security system. In discussing the location of the outside siren, Head suggested it be placed in a gable vent. However, the house had no gable vent and, at Sheek's instruction, the siren was placed exposed on the outside of the building.

On September 25, 1985, Sheek's home was broken into and robbed. Investigators discovered the wires of the speakers had been disconnected.

Sheek first contends the Master erred in failing to find the respondents were negligent in the installation of this particular alarm system in Sheek's new home.[1] Sheek argues the expert testimony showed three standards of care breached by respondents. Specifically, he argues the expert

---

[1] While Sheek also argues the trial court erred in failing to find breach of implied warranties on the part of respondents, no cause of action for breach of implied warranties was raised by Sheek. An argument not raised in the lower court may not be reviewed by an appellate court. *See Santee Portland Cement Corporation v. Mid-State Redi-Mix Concrete Co., Inc.*, 273 S. C. 784, 260 S. E. (2d) 178 (1979).

testimony showed (1) an exterior siren should not be physically located outside; (2) if such a siren is located outside, it should be protected by a tamper resistant box or switch; and (3) the wiring of speakers should be in parallel rather than series.

On appeal of a final judgment entered by a Master in ██ a law case tried without a jury, the findings of fact of the Master will not be disturbed unless found to be without evidence which reasonably supports the Master's findings. *May v. Hopkinson*, 289 S. C. 549, 347 S. E. (2d) 508 (Ct. App. 1986). We may not consider the case based on our view of the preponderance of the evidence, but must construe the evidence presented to the Master so as to support his decision wherever reasonably possible. *Id.* 347 S. E. (2d) at 512. We must look at the evidence in the light most favorable to the respondents and eliminate from consideration all evidence to the contrary. *Id.* 347 S. E. (2d) at 512.

A review of the record shows there is evidence which reasonably supports the Master's findings. Testimony of Head and his son refutes each of the allegations of breach charged by Sheek. As to the location of the siren outside, Head testified he suggested it be placed in a foundation vent, but Sheek refused stating he feared the noisemaker would be muffled increasing the likelihood his neighbors would be unable to hear it.[2] Further, Head testified several times that he informed Sheek of the different options and equipment which could be added to the system including the tamper resistant devices. Finally, Head and his son, Bill, both testified the alarm was wired in parallel and not series.

Sheek also contends the Master erred in giving any consideration to the testimony of Head and his son. He argues their testimony at trial was contradictory to their depositions and they therefore lacked credibility. In a law case tried without a jury, questions regarding credibility and weight of evidence are exclusively for the trial judge. *Wayne Smith Construction Co., Inc. v. Wolman, Duberstein, and Thompson*, 294 S. C. 140, 363 S. E. (2d) 115 (Ct. App. 1987). Such a consideration must be left to the trial judge who saw

---

[2] Sheek admitted he suggested the siren be placed outside so the neighbors could hear it.

and heard the witnesses and is therefore in a better position to evaluate their veracity. *Rogers v. Nation,* 284 S. C. 330, 326 S. E. (2d) 182 (Ct. App. 1985). A review of the record reveals logical explanations for the discrepancies alleged by Sheek. We find no error.

In light of the foregoing, the issue of proximate cause raised by Sheek need not be addressed. We hold all other issues in this case are manifestly without merit and are therefore affirmed. S. C. Code Ann. § 14-8-250 (Supp. 1987).

Affirmed.

BELL and CURETON, JJ., concur.

