1831

SPARTANBURG REGIONAL MEDICAL CENTER, Respondent v. Felix A. BULSA, Appellant.

(417 S.E. (2d) 648)

Court of Appeals

*Felix A. Bulsa, Inman, pro se.*

*William S. Bean,* of *Bean & Bean,* Spartanburg, *for respondent.*

Submitted April 13, 1992.

Decided May 26, 1992.

CURETON, Judge:

This is an action by a hospital to recover payment on an account for medical services. The Spartanburg Regional Medical Center sued Felix Bulsa for payment for medical services provided to his son, Jason Bulsa, after an accident. Bulsa answered pro se and denied the claim. After a nonjury hearing, the trial court entered a judgment of $14,885.24 for the hospital. Bulsa appeals.[1] We affirm.

In his brief, Bulsa asserts the trial judge erred in entering judgment because the hospital did not prove these services provided to his son were necessary and reasonable. He states that while a health care provider is entitled to be paid fro its services he "wanted to be told why those services were rendered and have the judge decide whether they were necessary, and if so, whether the costs were reasonable." Bulsa stated to the trial judge he did not feel he should have to pay for something that did not work. In essence, Bulsa's defenses to the hospital's claim are the charges were excessive and the services provided were ineffective.

An action on an open account is an action at law. *Sumter Electric Rewinding Co. v. Aiken County Clays, Inc.,* 230 S.C. 229, 95 S.E. (2d) 259 (1956). This court will affirm the decision of the trial judge in an action at law tried without a jury if there is any evidence to support the decision. *O'Shea v. Lesser,* 416 S.E. (2d) 629 (S.C. Sup. Ct. 1992).

The manager of the patient accounts department testified for the hospital. The records indicated Jason Bulsa was hospitalized from June 28 through July 15 of 1988. He was admitted to the hospital for treatment of severe burns. During the stay, Jason was in both intensive care and a private room. After his discharge, he was treated with physical therapy on an outpatient basis for eight days. The original hospital bill totalled $18,215.24. The itemization of the bill at-

---

[1] The hospital did not file a respondent's brief. The case was submitted without oral argument.

tached to the complaint indicated charges under several categories including intensive care, private room-medical, pharmacy, laboratory, operating room, respiratory therapy, recovery room, emergency room, and cardiology. Bulsa's insurance carrier paid a portion of the bill.

During his cross examination of the manager, Bulsa asked about the authorization for treatment and the decision to place his son in a private as opposed to a semi-private room. The manager testified she could not answer these questions because she only handled the bill after it was incurred. After the hearing, the trial judge continued the case to allow Bulsa an opportunity to examine the hospital medical records. Bulsa requested a copy of the medical records without cost but the request was refused by the hospital. He did not pursue the offered alternatives of paying copying costs or going to the hospital to review the records.

There is evidence to support the conclusion the hospital rendered the medical services to Jason during his hospitalization. The hospital witness testified the billing records were kept in the ordinary course of business of the hospital and were generated at or near the time the services were provided to the patient. *See* S.C. Code Ann. § 19-5-510 (1985). While the hospital did not offer evidence on the reasonableness of the cost of the services, we hold the hospital presented a prima facie case for recovery. See 1 C.J.S. *Account, Action On* § 30 (1985).

Moreover, Bulsa failed to offer any evidence to challenge the reasonableness of the costs. His statements that the costs were not reasonable are insufficient evidence of unreasonableness. Bulsa also offered no expert testimony to demonstrate the services were medically unnecessary or improperly rendered. Although Bulsa did not pursue this matter as a medical malpractice case, it involved treatment of severe burns which is a matter outside the common knowledge and experience of most lay persons. Because Bulsa sought to prove as a defense to payment that the treatment was unnecessary or improper, we conclude expert testimony was required. *Armstrong v. Union Carbide*, 417 S.E. (2d) 597 (S.C. Ct. App. 1992).

Affirmed.

BELL, J., concurs, and GOOLSBY, J., concurs in separate opinion.

GOOLSBY, Judge (concurring):

I concur in the majority's conclusion that there is evidence to support the finding made by the trial judge that the hospital rendered the medical services to Jason during his hospitalization. I would not reach, however, the issue of reasonableness of the cost of the services provided Jason since the issue, assuming Bulsa raised it, was not addressed by the trial judge and no motion was made by Bulsa requesting the trial judge to address it. *Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S.C. 483, 347 S.E. (2d) 99 91987); *see Rental Uniform Service of Greenville, South Carolina, Inc. v. K & M Tool and Die, Inc.*, 292 S.C. 571, 357 S.E. (2d) 722 (Ct. App. 1987) (the Court of Appeals will not address a question not raised in and passed on by the trial court).