THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Savannah Architectural Supply, Inc., Respondent,
 v.
 James R. Brady,
 d/b/a Brady Builders, Appellant.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Special Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-325
Submitted May 1, 2008  Filed June 27,
 2008    
AFFIRMED

 
 
 
 Thomas J. Finn, of Hilton Head Island, for Appellant.
 Leo A. Dryer, Jr., of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  James
 Brady appeals the trial courts order finding him liable on a contract with Savannah Architectural Supply, Inc.
 (Savannah Architectural).  We affirm.[1]
FACTS
In 1986, Brady and another
 individual formed Boru Enterprises, Inc., which did business under the trade
 name Brady Builders.  Brady was also president of Boru Enterprises.  In
 1999, Rick Bohrer, an employee of Boru Enterprises, requested a quote from
 Savannah Architectural on behalf of Brady Builders.  As a result,
 Savannah Architectural opened an account for Brady Builders. Construction
 materials amounting to $43,602.47,[2] were ordered
 on the account between June 21, 1999 and March 21, 2001.  No payment was
 made and Savannah Architectural brought suit against Brady personally.  Brady
 answered asserting he was employed by Boru Enterprises, and thus, not
 personally liable.  Brady also stated Boru Enterprises was no longer actively
 conducting business.  
At trial, Chester Gayheart, the president
 of Savannah Architectural, testified Brady had been a customer of Savannah
 Architectural since 1995.  Additionally, Gayheart testified he believed
 he was dealing with a sole proprietorship Brady owned and was unaware of the
 existence of Boru Enterprises.  As evidence, Savannah
 Architectural offered (1) draw requests submitted by Brady Builders and signed
 by Brady with no corporate designations regarding the project for which the
 materials Savannah Architectural provided were used; (2) copies of a cashiers
 check issued jointly to Brady Builders and itself by one of Brady Builders
 customers, which did not reference Boru Enterprises; and (3) several of its
 invoices addressed to Brady Builders for the construction materials.  Further, Brady testified he regularly signed his name without designating himself as
 a corporate officer.  However, Gayheart admitted Savannah Architectural
 had not seen the draw requests at the time it provided the construction
 materials to Brady Builders.
The trial court found Boru Enterprises was
 an undisclosed principal, and thus, Brady was liable as an agent for the amount
 due and interest.  Approximately a month after the trial court issued
 its order, Brady filed a Rule 60(b), SCRCP, motion for relief from judgment.  Brady asserted he had newly discovered evidence in the form of a check paid
 to Savannah Architectural that noted Brady Builders was a division of Boru
 Enterprises.  The trial court denied the motion finding the check was not newly
 discovered evidence because it was in Bradys own records and he was aware of
 its existence prior to trial.  This appeal followed.
STANDARD OF REVIEW
An
 action on an open account is an action at law.  Spartanburg Regl
 Med. Ctr. v. Bulsa, 308 S.C. 322, 323, 417 S.E.2d 648, 649 (Ct. App.
 1992).  On appeal of an action at law tried without a jury, this courts review
 is limited to correction of errors at law.  Epworth Childrens Home v.
 Beasley, 365 S.C. 157, 164, 616 S.E.2d 710, 714 (2005).  The
 trial courts findings are equivalent to a jurys findings in a law action.  King
 v. PYA/Monarch, Inc., 317 S.C. 385, 389, 453 S.E.2d 885, 888 (1995). 
 Questions regarding credibility and weight of evidence are exclusively for the
 trial court.  Sheek v. Crimestoppers Alarm Sys., 297 S.C. 375, 377,
 377 S.E.2d 132, 133 (Ct. App. 1989).  We must look at the evidence in the
 light most favorable to the respondents and eliminate from consideration all
 evidence to the contrary.  Id.
LAW/ANALYSIS

I.  Liability
Brady
 contends the trial court erred in granting judgment against him after finding
 Bohrer was an agent for Boru Enterprises, an undisclosed principal.  We
 disagree.
An agent is one appointed by a principal as his
 representative and to whom the principal confides the management of some business to be transacted in the principals name, or on his
 account, and who brings about or effects legal relationships between the principal and third parties.  Colleton County Taxpayers Assn v. Sch. Dist. of Colleton County, 371
 S.C. 224, 239, 638 S.E.2d 685, 693 (2006).  If an agent did not disclose
 his principal when making a contract with a party, the party, upon discovering
 the principal, may hold either the agent or the principal liable.  See Goodale
 v. Page, 92 S.C. 413, 416, 75 S.E. 700, 701 (1912); see
 also Broom v. Marshall, 284 S.C. 530, 540, 328 S.E.2d 639,
 645 (Ct. App. 1984) (Gardner, J. dissenting) (quoting 3 C.J.S. Agency § 369 (1973)) (An agent . . . if he contracts as agent for an undisclosed principal, will be personally liable unless
 there is a mutual intention of the parties to the contrary.); Restatement
 (Third) of Agency § 6.03 (2006) (When
 an agent acting with actual authority makes a contract on behalf of an
 undisclosed principal, (1) unless excluded by the contract, the principal is a party to the
 contract; [and] (2) the agent and the third party are parties to the contract .
 . . .).  A principal
 is undisclosed if, when an agent and a third party interact, the third party
 has no notice that the agent is acting for a principal.  Restatement
 (Third) of Agency § 1.04(2)(b) (2006).
Brady routinely did
 business with Savannah Architectural as an agent of Boru Enterprises.  However,
 Savannah Architectural had no indication Brady was acting on behalf of a corporation. 
 Therefore, Boru Enterprises was an undisclosed principal, and thus, Brady can
 be held liable as its agent.  Accordingly, the trial court did not err in
 finding Brady personally liable for the debt.
II.  Rule 60(b), SCRCP,
 Motion
Brady maintains the
 trial court erred in failing to grant his Rule 60(b), SCRCP, motion.  We
 disagree.
The
 decision to deny a motion under
 Rule 60(b) is within the trial courts sound discretion.  Raby Constr.,
 L.L.P. v. Orr, 358 S.C. 10, 17, 594 S.E.2d 478, 482 (2004).  An abuse of discretion occurs when the
 trial courts decision is controlled by an error of law or is based on factual
 findings lacking evidentiary support.  Degenhart v. Burriss, 360 S.C. 497, 500, 602 S.E.2d 96, 97 (Ct.
 App. 2004).
On
 motion and upon such terms as are just, the court may relieve a party
 from a final judgment, order, or proceeding for newly discovered evidence that
 by due diligence could not have been discovered in time to move for a new trial
 under Rule 59(b), SCRCP.  Rule 60(b)(2), SCRCP.  

 To
 obtain a new trial based on newly discovered evidence, a movant must establish
 that the newly discovered evidence: (1) will probably change the result if a new trial is granted; (2) has been
 discovered since the trial; (3) could not have been discovered before the
 trial; (4) is material to the issue; and (5) is not merely cumulative or
 impeaching.

Lanier v. Lanier, 364 S.C. 211, 217, 612 S.E.2d 456, 459 (Ct.
 App. 2005).  When the party knew of and possessed evidence at the time of trial,
 it is not newly discovered for the purposes of Rule 60(b)(2).  Lanier,
 364 S.C. at 218, 612 S.E.2d at 459.
Rule
 60(b)(2) allows the court to grant a new trial only if the newly discovered
 evidence could not have been discovered by due diligence prior to trial.  Lanier,
 364 S.C. at 220, 612 S.E.2d at 460.  Due diligence is the diligence reasonably
 expected from, and ordinarily exercised by, a person who seeks to satisfy a
 legal requirement or to discharge an obligation.  Id. Diligence looks
 not to what the litigant actually discovered, but what he or she could have discovered.  Id.  Accordingly, when parties could
 have discovered the new evidence prior to trial, they are not entitled to
 relief under Rule 60(b)(2).  See Raby Constr., L.L.P., 358 S.C.
 at 21, 594 S.E.2d at 484 (citing Bowman v. Bowman, 357 S.C. 146, 152, 591
 S.E.2d 654, 657 (Ct. App. 2004)).
In
 the present case, the check was in Boru Enterprises records.  Simply because
 those records were in a state of disarray does not change the fact Brady had
 access to them before trial.  This court has previously found [w]hen a party
 simply misplaces evidence at home, the court will treat the failure to discover
 it as a failure to exercise due diligence.  Lanier, 364 S.C. at 220,
 612 S.E.2d at 461.  Here, Brady testified as to the existence of such a check
 at trial.  Accordingly, he knew of the check and had access to Boru
 Enterprises records.  Therefore, the check did not constitute newly discovered
 evidence.  Further, because Brady could have discovered the check prior to
 trial, he failed to exercise due diligence.   Consequently, the trial court did
 not err in denying Bradys Rule 60(b), SCRCP, motion.
CONCLUSION
Based
 on the foregoing, the order of the trial court is
AFFIRMED.
HEARN,
 C.J., and SHORT and KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2] The parties stipulated to this amount.