THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Silver Bay
 Seafood Restaurants, Inc., Respondent,
 v.
 Lynn D. Mann, Appellant.
 Lynn D. Mann, Third Party
 Plaintiff,
 v.
 Koustantivos
 Sialmas, Panagiotis Sialmas, Vassilios Sialmas, and Larry Velaetis, Third Party
 Defendants.
 
 
 

Appeal From Oconee County
 Ellis B. Drew, Jr., Master-In-Equity

Unpublished Opinion No. 2008-UP-431
Heard May 8, 2008  Filed July 31, 2008  

AFFIRMED

 
 
 
 R. Lawton McIntosh, of Anderson, for Appellant.
 Stephen P. Groves, Sr., of Charleston, Thomas L. Stephenson, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Lynn
 Mann appeals the Master-In-Equitys failure to find Silver Bay Seafood
 Restaurants, Inc. (Silver Bay) breached a commercial lease by failing to pay
 rent.  We affirm.
FACTS
In December 2001, Silver Bay leased commercial property owned by Mann.  The Lease was to commence on April 1, 2002 and
 end on March 31, 2007.  Article V of the Lease provided the Lessee would pay
 the rental when due.
Article III of the Lease, entitled Repair
 and Maintenance, provided: 

 Subject to the Lessees right to inspect the premises prior to
 entering into this Lease, as additional consideration for the rental paid
 hereunder, the Lessee agrees to accept the Premises in the same condition and
 state of repair as exists upon the date of taking possession hereunder and
 thereafter, the Lessee shall be responsible for all maintenance and upkeep
 thereon.  Lessee agrees to promptly report any and all repair and maintenance
 problems to the Lessor.

Additionally,
 under Article IV of the Lease, the Lessor was to [t]imely pay all taxes which
 may become due and owing on the Premises so long as not to interfere with
 possession thereof by the Lessee.  The Lease also required the Lessor

 to make additions totaling 1500 square feet, 1000 square feet in
 the form of a party room and 500 square feet in the form of a lighthouse in
 accordance with those certain plans and specifications (and any additions or
 alterations thereto) attached as Exhibit A.  Lessor also agrees to make
 improvements to the roof and parking lot of the said Premises in accordance
 with Lessees direction.

An addendum to
 the Lease provided a partial list of improvements Silver Bay agreed to make,
 including improvements to the bathroom, kitchen, electricity, and plumbing, as
 well as making outside walls the same all around.
Both Silver Bay and Mann renovated the
 portions of the Property as the Lease required.  Silver Bays personnel visited
 the Property daily and Mann was also there regularly.  On April 1, 2002,
 Silver Bay took possession of the Property and began operating a restaurant.
On June 1, 2004, a Notice of Levy was posted on the Property.  Mann
 paid the taxes owed the next day.  However, Mann did not remove the notice until
 the following week, immediately after Silver Bay informed him of its presence.  On June 9, 2004, Silver Bays attorney sent Mann a letter regarding the
 Notice of Levy and certain repairs promised to be repaired on the property.  On June 30, 2004, Silver Bays attorney sent another letter to Mann
 asserting Silver Bay had lost $30,000 as a result of the Notice of Levy.   The
 letter also mentions a wall problem and states the Lease is null and void and
 Silver Bay intended to vacate the Property on July 31, 2004.  On July 21,
 2004, Silver Bay informed Mann it would not vacate the Property but instead
 would continue to make its monthly rental payments and sue Mann for damages.   
On August 18, 2004, Silver Bay commenced an action against Mann
 for breach of contract for Manns faulty construction of an addition required
 by the Lease and failure to pay taxes.  Mann answered, counterclaimed,
 and filed a third-party complaint against the guarantors of the Lease, seeking
 rents due and other damages under the Lease.   
In December 2004, Silver Bay subleased the Property to Neptune Diner.  Silver Bay continued making the monthly
 rental payments until Neptune Diner vacated the Property in September 2005.  Subsequently,
 Mann listed the Property for lease with a real estate agent.
On April 13, 2006, the parties consented to refer the matter to a
 master.   At trial, one of the guarantors, Larry Velaetis, testified the
 roof leaked the first rain after Silver Bay opened the restaurant.   He
 further testified the leaks continued following every rain.  Metz Looper, a
 former magistrate, testified that the three times he visited Silver Bay, he observed a musty odor, water on the floor, and the roof leaking.
Velaetis testified Silver Bay orally informed Mann after the first
 leak occurred and once the leaks continued but never provided written notice or
 demand regarding the leaks, despite the fact the Lease required any notice or
 demand be in writing.  Velaetis admitted Silver Bay did not keep any
 record of the dates of the leaks.  He also acknowledged Silver Bay failed to inspect the roof when it took possession and once the roof began leaking,
 it did not have it inspected to determine the cause of the leaks.  Mann
 testified that at Silver Bays request, he had sent a roofer to the Property
 after Silver Bay took possession.  Additionally, Mann testified he had a duty
 to provide a properly constructed roof.  
The master denied both Silver Bays and Manns requests for
 damages.   Regarding Silver Bays damages, the master found:

 Silver[ B]ay did nothing to document the occasions when water
 allegedly leaked into the restaurant.  Although the Court finds credible
 testimony to establish some water damage due to leaks, there was no evidence
 presented establishing a link between these events and Silver[ B]ays declining
 revenues, the number of occasions the leaks supposedly occurred or the extent
 of damages allegedly incurred as a result of the leaks. 

The master determined
 Silver Bay failed to establish its business was damaged due to water
 intrusion . . . [and] lost revenues with reasonable certainty.  The
 master further found [t]he alleged damages due to the posting of delinquent
 tax notice, if at all, are inconsequential.  The notice was posted for a rather
 short period of time and the taxes were paid by Mann in short order.  
As to Manns damages, the master determined: 

 As stated, the Court finds there was credible testimony of some
 water damage due to leaks.  However, I find there is a significant question of
 breach of the lease by Mann based upon his failure to properly repair the
 roof.  Accordingly, the Court denies Manns claim for damages due under the
 Lease.  

Mann filed a Rule
 59(e), SCRCP, motion for reconsideration that the master denied.  This
 appeal followed.
STANDARD OF
 REVIEW
An
 action seeking damages for breach of contract is . . . an action at law . . . .  Kuznik v. Bees Ferry Assocs., 342 S.C. 579, 589, 538 S.E.2d 15,
 20 (Ct. App. 2000).  In an appeal from the final judgment of a master, this
 court has the same scope of review as if the appeal is from the circuit court
 without a jury.  Tiger, Inc. v. Fisher Agro, Inc., 301 S.C. 229, 237,
 391 S.E.2d 538, 543 (1990).  On appeal of an action at law tried without a
 jury, this courts review is limited to correction of errors at law.  Epworth
 Childrens Home v. Beasley, 365 S.C. 157, 164, 616 S.E.2d 710,
 714 (2005).  The masters findings are equivalent to a jurys findings in
 a law action.  King v. PYA/Monarch, Inc., 317 S.C. 385, 388-89, 453
 S.E.2d 885, 888 (1995).  

 We may not consider the case based on our view of the
 preponderance of the evidence, but must construe the evidence presented to the
 Master so as to support his decision wherever reasonably possible.  We must look at the evidence in the light most
 favorable to the respondents and eliminate from consideration all evidence to
 the contrary.

Sheek v. Crimestoppers
 Alarm Sys., 297 S.C. 375, 377,
 377 S.E.2d 132, 133 (Ct. App. 1989) (citations omitted).  
LAW/ANALYSIS
Mann argues the master
 erred in failing to award damages to him under the Lease.  Specifically, Mann
 asserts Silver Bay did not establish the elements for constructive eviction
 because it did not vacate the Property before filing its cause of action.  We
 disagree.
A
 tenant asserting constructive eviction must show: (1) some intentional act or
 omission of the landlord deprived the tenant of possession or substantially
 interfered with the tenants beneficial use or enjoyment of the leased premises
 and (2) as a result of the act or omission by the landlord, the tenant abandoned
 the premises.  Pleasantburg Warehouse Co. v. Global Distribution, Inc.,
 287 S.C. 422, 423, 339 S.E.2d 135, 136 (Ct. App. 1985). 

 There
 is no constructive eviction if the tenant continues in possession of the
 premises however much he may be disturbed in the beneficial enjoyment.  To establish a constructive
 eviction of the premises, in order to avoid liability for rent, the tenant must
 surrender or abandon the
 premises within a reasonable
 time after the landlords wrongful act.

 49 Am. Jur. 2d Landlord & Tenant § 598 (2006) (footnotes omitted).
Mann contends
 Silver Bay does not meet the elements for constructive eviction because it was
 still in possession of the Property when it brought the breach of contract
 action. Although Silver Bay retained possession of the Property after filing
 suit, it continued to pay rent until Neptune Diner vacated the Property. 
 Further, the masters order contains no indication he relied on the theory of
 constructive eviction in finding Silver Bay was not liable for damages to
 Mann.  Rather, the order seems to indicate the master found Silver Bay was not
 liable because Mann had breached the terms of the Lease by failing to properly
 repair the roof.  When a contract is not performed, the
 party who is guilty of the first breach is generally the one upon whom all
 liability for the nonperformance rests.  Silver v. Aabstract Pools & Spas, Inc., 376 S.C.
 585, 594, 658 S.E.2d 539, 543 (Ct. App. 2008) (quoting Willms Trucking Co. v. JW Constr. Co., 314
 S.C. 170, 178, 442 S.E.2d 197, 201 (Ct. App. 1994)).  
The master found credible testimony of
 some water damage due to leaks as well as a significant question of breach of
 the lease by Mann based upon his failure to properly repair the roof.  The
 record contains evidence to support finding Mann breached the Lease by failing
 to repair the roof.  Mann conceded he had a duty to provide a properly
 constructed roof.  Velaetis testified the roof leaked from the first rain after
 Silver Bay took possession.  Additionally, Looper testified he observed the
 leaks.  Questions regarding credibility
 and weight of evidence are exclusively for the master.  Sheek v.
 Crimestoppers Alarm Sys., 297 S.C. 375, 377, 377 S.E.2d 132,
 133 (Ct. App. 1989).  Accordingly,
 because the record contains evidence indicating Mann breached the contract
 first by failing to properly repair the roof, the master did not err in failing
 to award Mann damages.
Based
 on the foregoing, the order of the master is
AFFIRMED.

HEARN,
 C.J., and SHORT and KONDUROS, JJ., concur.