**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elite Construction, Inc., Respondent,

v.

Doris E. Tummillo and Georgia Bank and Trust Company of Augusta, Defendants,

Of Whom Doris E. Tummillo is the Appellant,

And

Georgia Bank and Trust Company of Augusta is the Respondent.

Appellate Case No. 2013-001624

---

Appeal From Aiken County
James Martin Harvey, Jr., Special Referee

---

Unpublished Opinion No. 2015-UP-351
Heard June 2, 2015 – Filed July 15, 2015

---

**AFFIRMED**

---

Neal W. Dickert and Paul K. Simons, both of Hull Barrett, PC, of Augusta, Georgia; and T. Paul

Timmerman, of Braithwaite Law Firm, of Aiken, for
Appellant Doris E. Tummillo.

Clarke W. McCants, III, of Nance, McCants & Massey,
of Aiken, for Respondent Elite Construction, Inc.; and
James S. Murray, of Warlick Stebbins Murray & Chew,
LLP, of Augusta, Georgia, for Respondent Georgia Bank
and Trust Company of Augusta.

---

**PER CURIAM:**  In this action for breach of contract and foreclosure of a
mechanic's lien, Doris Tummillo argues the special referee erred in awarding
judgment to Elite Construction.  Specifically, Tummillo contends the special
referee erred in: (1) finding the parties' contract was unambiguous; (2) refusing to
reduce Elite's recovery; (3) finding time was not of the essence in the contract; and
(4) awarding Elite attorney's fees.  We affirm pursuant to Rule 220(b), SCACR,
and the following authorities:

1.  As to whether the special referee erred in (1) finding the parties' contract was
unambiguous; (2) refusing to reduce Elite's recovery; and (3) finding time was not
of the essence in the contract:  *Butler Contracting, Inc. v. Court Street, LLC*, 369
S.C. 121, 127, 631 S.E.2d 252, 255 (2006) (holding the foreclosure of a mechanics'
lien is an action at law); *id.* at 127, 631 S.E.2d at 255-56 (holding in an action at
law, tried without a jury, an appellate court will not disturb the trial court's findings
of fact unless they are wholly unsupported by the evidence or unless it clearly
appears the findings are controlled by an error of law); *Sheek v. Crimestoppers
Alarm Sys.*, 297 S.C. 375, 377, 377 S.E.2d 132, 133 (Ct. App. 1989) (holding
questions regarding credibility and the weight of the evidence are exclusively for
the trial court).

2.  As to whether the special referee erred in awarding Elite attorney's fees:  S.C.
Code Ann. § 29-5-10(a) (2007) ("The costs which may arise in enforcing or
defending against the lien under this chapter, including a reasonable attorney's fee,
may be recovered by the prevailing party."); S.C. Code Ann. § 29-5-10(b) (2007)
("For purposes of the award of attorney's fees, the determination of the prevailing
party is based on one verdict in the action . . . . The party whose offer is closer to
the verdict reached is considered the prevailing party in the action.  If the
difference between both offers and the verdict is equal, neither party is considered
to be the prevailing party for purposes of determining the award of costs and

attorney's fees.  If the plaintiff makes no written offer of settlement, the amount prayed for in his complaint is considered to be his final offer of settlement. If the defendant makes no written offer of settlement, the value of his counterclaim is considered to be his negative offer of settlement.").

**AFFIRMED.**

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**