1362

Peter R. EHLKE and Esther J. Ehlke, Respondents v. NEMEC CONSTRUCTION COMPANY, INC., Appellant.

(381 S. E. (2d) 508)

Court of Appeals

*Claude Robin Chandler*, Columbia, *for appellant.*

*James B. Richardson, Jr.*, of *Richardson & Smith*, Columbia, *for respondents.*

Heard May 16, 1989.

Decided June 26, 1989.

GARDNER, Judge:

Peter R. Ehlke and Esther J. Ehlke (the Ehlkes) brought this action against Nemec Construction Company, Inc.

(NCC), seeking, *inter alia,* damages for breach of a land sale contract. The matter was referred to the Master upon the agreement that his order would be appealable directly. The appealed order awarded the Ehlkes $3,700 in damages. A motion to reconsider was made and an order overruling the motion was entered thereon. We affirm.

## ISSUE

The sole issue of merit is the novel question of whether stipulation No. 4 was a condition for the sole benefit of the Ehlkes and therefore could not be asserted as a forfeiture by NCC.

## FACTS

The evidence in a light most favorable to the Ehlkes reflects that the parties on July 12, 1986, executed a written contract; it was agreed therein that the Ehlkes would purchase for $110,456 a lot on which NCC would erect a house. The agreement indicated that the Ehlkes would borrow $75,000 and pay and pay the rest in cash. The contract contained the following:

## CONDITIONS

Property is being sold with the following stipulations

1. Buyers and Builder to approve plans and specifications by N/A date.

2. Contract contingent upon Buyer receiving loan approval by _____ date.

3. House to be completed in a workmanlike manner according to building codes of Richland County or _____ City, and in accordance with the approved plans and specifications.

4. Contingent upon the sale of purchasers present home located at No. 3 Woodwinds Ct. at Reflections by November 1, 1986.

5. Additional $500.00 to be deposited when construction starts.

There is evidence of record that NCC's agent, David Whitenack, originally proposed or asked the Ehlkes if they wanted stipulation No. 4; Peter Ehlke said that he "didn't care one way or the other." The evidence reflects that Whitenack gave the Ehlkes their choice.

Peter Ehlke testified that he did not list his home for sale because he wanted to wait until NCC began construction of the new home. NCC had not begun construction by November 1, 1986. NCC was building on lots in the order they appeared on the plat and had not reached lot number 16 (the Ehlkes' lot) by November 1, 1986. NCC then skipped lot 16 and at that time Ehlke asked Whitenack why this was done; he responded, "because of this contingency number 4 that November 1 had passed and that if [Ehlke] wanted the house built, [Ehlke] would have to come up with another $4,500." Early in September, Ehlke told Whitenack that if stipulation No. 4 was a problem, he did not care about the stipulation, had not particularly wanted it back in July when the contract was signed and, if it was a problem, to take it out of the contract.

As to whether stipulation No. 4 was inserted for the benefit of the Ehlkes as purchasers, the trial judge held the following in his order denying the motion for reconsideration.

> Defendant's main argument is that the preponderance of the evidence does not support a finding that Stipulation No. 4 in the sales contract was inserted for the benefit of the purchasers alone. Defendant contends that the home to be constructed by it for sale to plaintiffs was a "custom house." Defendant argues that it would not have undertaken the construction of such a home unless and until plaintiffs sold their present home. Having carefully reconsidered the evidence on this point, I remain unpersuaded. The credible evidence is that Stipulation No. 4 was presented by seller's agent to buyers as an optional provision, to be inserted or not, as the buyers chose.
>
> Also relevant here is the testimony of Mr. Ehlke that he informed defendant's agent that he was waiving Stipulation No. 4. This conversation occurred about two months before the "deadline" for the sale of the buyers' present home. There is no evidence whatever from defendant that it protested this waiver, denied the right of the buyers to waive the stipulation, or made known their position that the stipulation was for their benefit as well, and could not be unilaterally waived by buyers.

Moreover, defendant offered no evidence to show that the buyers would have been unable to purchase the new home without selling their old one. On the contrary, the evidence is that the buyers could have performed without selling their present home. More to the point, there is no credible evidence that the defendant doubted, or had cause to doubt, plaintiffs' ability to perform, with or without the sale of their present home. The evidence is that mortgage financing was generally available for a high percentage of the purchase price.

## DISCUSSION

Provisions such as stipulation No. 4 of the contract before us are common. Determination of the force and effect of such provisions involves the application of the usual rules for construction of contracts for the purchase and sale of land. 77 Am. Jur. (2d) *Vendor and Purchaser* Section 66 (1975).

This is a novel issue in South Carolina. After careful study of the authorities on the subject, we hold that whether stipulation No. 4 is enforceable at the option of NCC depends upon the intention of the parties as deduced from the language used, the surrounding circumstances at the time the contract was executed, and the purpose sought to be accomplished by the insertion of the provision. *See Id.*, Annot., 81 A. L. R. (2d) 1338, 1340 (1962).

"The question as to who may enforce or take advantage of a condition in a contract of sale depends on the intention of the parties as to the person or persons for whose benefit it was inserted. As between the parties a condition inserted solely for the benefit of one of them ... cannot be taken advantage of by the other party." 91 C. J. S. *Vendor and Purchaser* Section 110(c) (1955).

In the case before us the trial judge found from the language used, the surrounding circumstances at the time the contract was executed, and the purposes sought to be accomplished by the insertion of stipulation No. 4, that as a matter of fact the parties intended that stipulation No. 4 was for the benefit of the Ehlkes and therefore could not be asserted as a forfeiture by NCC. The question then is whether the findings of fact of the trial judge are to be affirmed by this court.

In an action at law, on appeal of a case tried without a jury, findings of fact of the trial judge will not be disturbed unless found to be without evidentiary support. *Strickland v. Prudential Insurance Co. of America,* 278 S. C. 82, 292 S. E. (2d) 301 (1982). Additionally, there is a presumption in favor of the correctness of an appealed order and the burden of showing error by the trial judge is on the appellant. *Horton v. Greyhound Corporation,* 241 S. C. 430, 128 S. E. (2d) 776 (1962).

NCC failed to preserve for appeal the correctness of any of the findings of fact made by the Master. NCC failed to comply with Rule 4, Section 6, Rules of Practice in the Supreme Court of South Carolina, which provides in pertinent part: "Each exception must contain a concise statement of one proposition of law or fact which this court is asked to review. . . . Each exception must contain within itself a complete assignment of error. . . ." The only exception relating to findings of fact which contained a complete assignment of error is NCC's exception No. 5, i.e., "That the court erred in its Judgement for Plaintiff and in its denial of the Defendant's Motion for reconsideration or a new trial, the error being the verdict and denial of the motion were contrary to the evidence." This exception is entirely too general, vague and indefinite. *Grant v. Clinkscales,* 230 S. C. 416, 95 S. E. (2d) 854 (1957). We therefore hold that the findings of fact by the Master are affirmed.

## CONCLUSION

We quoted under the subject of facts in this opinion the findings of fact made by the trial judge and they are conclusive, for the reasons stated, as to the central issue of this case, i.e., whether stipulation No. 4 was a condition for the benefit of the Ehlkes and, therefore, could not be asserted as a forfeiture by NCC. In reaching this conclusion of fact, the Master took into consideration the language used by the parties, the surrounding circumstances at the time of the execution of the agreement, and the purpose sought to be accomplished by the provision; the Master found as a matter of fact under these circumstances that it was the intent of the parties that stipulation No. 4 was inserted for the benefit of the Ehlkes. The evidence supports his findings of fact, and we agree with them and his conclusions of law. More

importantly, under the circumstances of this appeal, we are bound by his findings of fact.

For these reasons, the appealed order is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.