1398

CENTURY 21 HORTON REAL ESTATE, INC., Appellant v. Nickolas J. SOKCEVIC and Mable M. Sokcevic, Respondents.

(386 S. E. (2d) 270)

Court of Appeals

*Charles M. Watson, Jr.,* Greenwood, *for appellant.*

*Thomas E. Hite, Jr.,* Abbeville, *for respondents.*

Heard Sept. 11, 1989.

Decided Oct. 23, 1989.

GARDNER, Judge:

Century 21 Horton Real Estate, Inc., (Realtor) sued the Sokcevics (Sellers) to recover a real estate commission. The jury found for the Sellers. We affirm.

## ISSUES

The issues of merit are whether (1) the trial judge erred in refusing the Realtor's motions for directed verdict and judgment n.o.v. on the grounds that the evidence viewed in a light most favorable to the Sellers established the Realtor's entitlement to a sales commission, and (2) the trial judge erred in refusing the Realtor's request to charge the jury on estoppel.

## FACTS

The evidence in a light most favorable to the Sellers is as follows:

On April 4, 1986, the Sellers entered into a contract with Dr. Charles Kolb (Buyer). The Buyer agreed to pay $69,900 for the Sellers' home, gave a $500 deposit and the contract set a closing date of June 15, 1986. The contract stated "closing may have to be extended." The Buyer testified that the extension applied "if I was unable to sell my house in Anderson."

The Buyer was unable to sell his Anderson home within the initial period of the contract and agreed with one of the Sellers that if the Sellers could find another buyer before Dr. Kolb sold his house that the Sellers would be permitted to sell it to another buyer. There is no evidence of record that either the Sellers, the Realtor, or any other person ever found a buyer other than Dr. Kolb.

On June 6, 1986, the Sellers entered into a listing agreement with the Realtor. The term of listing agreement was 60 days and provided in pertinent part:

3. For finding a purchaser for the above property:

\* \* \* \* \* \*

B. Said commission is to be paid to you whether the purchaser is found by you or another broker or by the undersigned or by any other person at the price and terms set forth above or at any other price or terms acceptable to the undersigned: or if the property is sold within 90 days of the termination of this agreement to a purchaser to whom it was submitted by you or another broker or the undersigned or any other person during the term of this agreement.

The record reflects that one of the Sellers testified without objection that he told the Realtor about the Kolb contract and fully discussed the contract of sale prior to signing the listing agreement with the Realtor and, further, that the Realtor would not receive a commission if the property was sold to Dr. Kolb. There is other evidence of record that the agents of the Realtor knew of the prior contract of sale with Dr. Kolb.

In July 1986, Dr. Kolb sold his house in Anderson. At that time the Sellers and the Buyer agreed to consummate the sale after the expiration of the Realtor's listing agreement.

The Sellers' answer alleged that the listing contract with the Realtor was subject to the Sellers' right to perform their contract with the Buyer.

The jury charge is not of record.

## I.

The first question is simply whether the evidence of the whole case, construed in a light most favorable to the Sellers, required the court to direct a verdict for the Realtor. We hold that the trial judge properly refused the motion because (1) there was evidence before the court from which the jury could find that the Sellers and the Buyer, on April 4, 1986, entered into a contract of sale which was binding upon the Sellers subject to the contingency that the Buyer sell his house in Anderson before another buyer was found and that said contingency was for the benefit of the Buyer and (2) that said contract of sale constitutes a sale within the meaning of the Realtor's contract with the Sellers and (3) there is no evidence of record that the Realtor showed the house to the Buyer during the term of the agreement which is sued upon in this case.

In a ruling on a motion for a directed verdict, the trial court is required to view the evidence and the inferences which can be reasonably drawn from the evidence in the light most favorable to the party opposing the motion. The motion should be denied if the evidence yields more than one inference or if its inferences are in doubt. *Moore v. Levitre*, 294 S. C. 453, 365 S. E. (2d) 730 (1988).

Whether a contingency such as the one between the Buyer and the Sellers in this case is enforceable at the option of a buyer who enters into a contract of sale

depends upon the intention of the parties as to the person or persons for whose benefit the contingency was inserted in the contract of sale. See authorities quoted in the case of *Ehlke v. Nemec Construction Co.*, ___ S. C. ___, 381 S. E. (2d) 508 (Ct. App. 1989).

There is evidence of record that it was the intent of the Buyer and the Sellers that the contingency of the contract of sale between them was for the benefit of the Buyer and that if the Buyer was able to find a purchaser for his Anderson house within a reasonable time, and before another buyer was found, that the contract of sale between the parties was enforceable. The evidence of record that the Sellers told the Realtor about the Kolb contract before he entered into the contract with the Realtor and further told the Realtor that if the property was sold to Kolb that there would be no commission for the Realtor is evidence upon which the jury could find that it was the intent of the Sellers that the contract with Kolb was enforceable subject to the contingency of Kolb selling his Anderson home before another buyer was found. The fact that Kolb continued in his efforts to sell the Anderson house is evidence upon which the jury could find that the Buyer intended that the contract be binding on the Sellers subject to the aforementioned contingency.

The jury charge or instruction given by the trial judge at the close of the evidence is not contained in the record before us. The burden is on the appealing party to present sufficient record from which this court can determine whether the trial judge erred. *Germain v. Nichol*, 278 S. C. 508, 299 S. E. (2d) 335 (1983). Since the appellant does not include in the record the jury charge and since the record contains no exceptions relating to this, we must conclude on appeal that the trial judge gave adequate instructions on every issue relating to this case. *See Floyd v. Country Squire Mobile Homes, Inc.*, 287 S. C. 51, 336 S. E. (2d) 502 (Ct. App. 1985). Whether the contract of sale entered into between the Sellers and the Buyer was tantamount to a sale of the subject property was an issue of the case, and this court is bound by the rule that the trial judge is presumed to have fully instructed the jury on all issues relating to the case unless offended counsel objects upon the conclusion of the charge

and the jury's being excused. See Rule 51 SCRCP. The record does not reflect that the Realtor's attorney so objected.

For the above reasons, we hold that the jury found as a matter of fact that the contingency of the contract of sale between the Buyer and the Sellers was for the benefit of the Buyer.

The contract between the Realtor and the Sellers was entered into on June 6 and expired on August 6, except for the condition that if the property was sold within 90 days after the expiration to a person to whom the property was submitted by the Realtor, the Sellers or any other broker or person during the term of the agreement. There is absolutely no evidence of record that the property was submitted by the Realtor or any other person to Dr. Kolb, the Buyer, during the term of the contract. To the contrary, the evidence is clear that the property was submitted to and purchased by the Buyer prior to the term of the contract between the Sellers and the Realtor.[1] From the two footnoted cases, we hold that there was an effective sale of the property on April 4, 1986, when the Sellers entered into a contract of sale with Dr. Kolb.

"Unless performance within the proper time is waived by the principal or is prevented by his negligence, fault or fraud, a broker, to be entitled to a commission, must perform his part of the contract of employment within the time limited by the contract or an extension granted by the principal." 12 C. J. S. *Brokers* Section 145 (1980). *See also United Farm Agency v. Malanuk,* 284 S. C. 382, 325 S. E. (2d) 544 (1985).

Moreover, in view of the above-stated rule, and assuming *arguendo,* that there was no contract of sale to Dr. Kolb which was binding upon the Sellers, as we have held, there was nevertheless evidence from which the jury might have inferred that no buyer was found during the term of the listing agreement and there was no sale to a person to whom the property was shown during the listing agreement; and,

---

[1] *See Dantzler Real Estate, Inc. v. Boland,* 276 S. C. 275, 277 S. E. (2d) 705 (1981), to the effect that upon the execution of a contract of sale a seller owes a real estate commission. *Also see Dempsey v. Huskey,* 224 S. C. 536, 80 S. E. (2d) 119 (1954), to the effect that under an agreement to buy and sell real estate, legal title is in the vendor and equitable title is in the vendee.

for this additional reason, the verdict must be affirmed since there was no error in the trial judge's refusal to direct a verdict and grant judgment n.o.v. And we so hold.

For the above reasons, we hold that the trial judge did not err in refusing the motions for a directed verdict and judgment n.o.v.

## II.

The Realtor did not plead estoppel and made a motion to amend his pleadings to conform with the proof.

The Realtor additionally made a motion for a directed verdict on the grounds of estoppel.

The elements of equitable estoppel are lack of knowledge and of the means of knowledge of the truth as to the facts in question on the part of the persons seeking to assert estoppel, reliance on the conduct of the party sought to be estopped and action based thereon was of such a character as to change prejudicially the position of the party claiming the estoppel. *Bankers Trust of South Carolina v. Bruce*, 283 S. C. 408, 323 S. E. (2d) 523 (Ct. App. 1984).

Considering the evidence in a light most favorable to the Sellers, there is evidence of record that the Realtor had knowledge of the Sellers' contract of sale with the Buyer and of the conditions thereof. The trial judge therefore properly denied the Realtor's motion to amend his complaint and also the motions for directed verdict and judgment n.o.v. And we so hold.

## CONCLUSION

Based upon the record before us considered in a light most favorable to the Sellers, we hold that the Realtor was not entitled to either a directed verdict or judgment n.o.v. and, further, that the trial judge did not err in overruling the Realtor's motion to charge the jury on the issue of estoppel. We have carefully examined the record and the exceptions taken by the Realtor and find no merit to them; accordingly, the verdict of the jury for the Sellers is affirmed.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.