686 S.E.2d 200

**BRANCHE BUILDERS, INC., a South Carolina Corporation, Respondent,**

v.

**Saundra COGGINS, d/b/a "Carolina Carpet World & Interiors," and Coggins & Kimbrell Enterprises, Inc., a South Carolina Corporation, Appellants.**

**No. 4624.**

Court of Appeals of South Carolina.

Submitted May 1, 2009.

Decided Oct. 13, 2009.

Gloria Y. Leevy, of Greenville, for appellants.

John Martin Foster, of Rock Hill, for respondent.

KONDUROS, J.

Branche Builders, Inc., a general contractor, brought suit against Saundra Coggins, a flooring subcontractor, doing business as Carolina Carpet World & Interiors, and Coggins & Kimbrell Enterprises, Inc. (collectively Carolina Carpet World)[1] for breach of contract after the flooring Coggins installed started to buckle from moisture. The trial court found in favor of Branche Builders and Carolina Carpet World appealed. We affirm.[2]

## FACTS

Branche Builders was hired as the general contractor to remodel a home in Rock Hill. On April 30, 2003, Branche Builders hired Coggins to install laminate flooring in the home in exchange for $10,759.46. Coggins installed the floor in May 2003. The floors were manufactured by Witex and the instructions required polyethylene to be placed between a cement floor and a laminate floor. However, because the home had vinyl floors,[3] Coggins placed roofing felt between the vinyl and laminate floors during installation. Branche Builders paid

---

1. At trial, Coggins disputed she was doing business as Carolina Carpet World & Interiors and asserted that business was owned by Coggins & Kimbrell Enterprises, Inc. The trial court found Branche Builders had no notice it was dealing with a corporate entity. Further, it found Carolina Carpet World & Interiors, which was not a registered name of Coggins & Kimbrell Enterprises, was the only name shown on the contract with Branche Builders. Neither Coggins nor Coggins & Kimbrell Enterprises appeals this ruling.

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

3. Gene Branche, president of Branche Builders, testified the vinyl flooring was old and was beginning to tear at the seams.

Coggins according to the contract and shortly thereafter, the laminate flooring buckled and lifted off the subfloor. Coggins removed the laminate floor but did not replace it. Ultimately, Branche Builders hired Kellet's Floors and Interiors to replace the floor.

Branche Builders filed a complaint against Carolina Carpet World, which included allegations of rescission of contract and breach of warranty. The case was tried without a jury. At trial, Coggins conceded she did not follow the manufacturer's instructions in that she used roofing felt instead of the manufacturer-recommended moisture barrier. She also was uncertain as to whether the floor was installed with the proper expansion specifications. However, Coggins and one of Carolina Carpet World's experts contended the moisture entered the home through a door or because of an inadequate drainage system during periods of heavy rain.

Howard Kellet, president of the company that installed the replacement laminate floors in the home, testified as an expert witness in the area of laying laminate flooring. He testified he had never seen roofing felt used as an underlayment. He further testified he would never have used it because it was not an approved vapor barrier for a laminate floor. Additionally, he stated there appeared "to be little or no expansion joints." When asked if he had "an opinion as to what caused the buckling in the floor" he responded "it was like a fifty-foot room and then there was no expansion joint put to allow for that. It's kind of like concrete expansions. I mean, this floor will move. It will expand and contract with humidity."

Another expert in the area of laminate floors, Richard Talbert, was asked if he had "an opinion as to whether that lack of use [of the recommended vapor barrier] and that lack of spacing was the probable cause of the problems that appeared in this case?" He responded, "Yes, sir, particularly around the fireplace where there's buck[l]ing and some darkening of the color. That means that the concrete floor itself was allowing moisture to come up from the bottom and get on the bottom of the product."

The trial court asked Michael Schwartz, an expert in the area of home examination, if the moisture was entering the house from the door. Schwartz testified it was not. The trial

court further questioned, "What if you'd had a proper vapor barrier down there over the concrete if it leached into the concrete? Would that have made a difference as to what happened to the laminate?" Schwartz responded affirmatively.

Carolina Carpet World presented Gary Drury, a witness qualified as an expert in the installation of flooring, who testified "as far as the moisture of that magnitude, . . . it's just really hard to believe it solely came through the bottom of that concrete." He also testified the laminate flooring was protected through means other than polyethylene. James Kendrick, who installed the laminate flooring on Carolina Carpet World's behalf, also testified as an expert witness. He testified that the roof felting was "just as good as" the polyethylene.

The trial court found in favor of Branche Builders on the basis of rescission. The trial court found "the most probable cause of the damage to the installed flooring was the failure to follow the manufacturer's specifications regarding the proper moisture barrier on a concrete slab and the proper room for expansion of the flooring." The trial court awarded Branche Builders damages of $10,759.46, prejudgment and post-judgment interest, and attorney's fees. This appeal followed.

## STANDARD OF REVIEW

"An action for breach of contract seeking money damages is an action at law." *McCall v. IKON,* 380 S.C. 649, 658, 670 S.E.2d 695, 700 (Ct.App.2008). On appeal of an action at law tried without a jury, we will not disturb the trial court's findings of fact unless no evidence reasonably supports the findings. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). Additionally, the appellate court can correct errors of law. *Okatie River, L.L.C. v. Se. Site Prep, L.L.C.* 353 S.C. 327, 334, 577 S.E.2d 468, 472 (Ct.App.2003). The trial court's findings are equivalent to a jury's findings in a law action. *Chapman v. Allstate Ins. Co.,* 263 S.C. 565, 567, 211 S.E.2d 876, 877 (1975). Questions regarding credibility and the weight of the evidence are exclusively for the trial court. *Sheek v. Crimestoppers Alarm Sys.,* 297 S.C. 375, 377, 377 S.E.2d 132, 133 (Ct.App.1989).

"We must look at the evidence in the light most favorable to the respondents and eliminate from consideration all evidence to the contrary." *Id.*

## LAW/ANALYSIS

 Carolina Carpet World argues the trial court erred in finding in favor of Branche Builders because the evidence demonstrated the failure to use the manufacturer's instructions and moisture barrier was not the proximate cause of the damage to the floors.[4] We disagree.

 The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach. *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962). "The general rule is that for a breach of contract the defendant is liable for whatever damages follow as a natural consequence and a proximate result of such breach." *Id.* Rescission is an undoing of a contract from the beginning, as if the contract had never existed. *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 95, 594 S.E.2d 485, 494 (Ct.App.2004). "In a breach of contract action, damages serve to place the nonbreaching party in the position he would have enjoyed had the contract been performed." *S.C. Fed. Sav. Bank v. Thornton–Crosby Dev. Co.*, 303 S.C. 74, 77, 399 S.E.2d 8, 10 (Ct.App. 1990).

 The trial court found "the most probable cause of the damage to the installed flooring was the failure to follow the manufacturer's specifications regarding the proper moisture barrier on a concrete slab and the proper room for expansion of the flooring." The record contains evidence to reasonably support that finding. Three expert witnesses testified they

---

4. In its appellate brief, Carolina Carpet World references equitable estoppel and unclean hands. However, it never pled these defenses at trial. "Every defense, in law or fact, to a cause of action in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading[, with some exceptions]." Rule 12(b), SCRCP. The failure to plead an affirmative defense is deemed a waiver of the right to assert it. *See Adams v. B & D, Inc.*, 297 S.C. 416, 419, 377 S.E.2d 315, 317 (1989) (finding if an appellant fails to plead an affirmative defense or raise it to the trial court, an appellate court will not address it on appeal). Accordingly, we cannot consider these arguments on appeal.

believed the use of the roofing felt instead of the polyethylene allowed water to damage the floors. Additionally, the experts noted the failure to use proper expansion spacing could also cause the problems with the floor. Carolina Carpet World's appellate brief states it does not dispute it did not follow the manufacturer's instructions, use the recommended moisture barrier, or employ the proper expansion specifications. Although Carolina Carpet World presented expert testimony the roofing felt and vinyl floors were an adequate substitute for the polyethylene, the determination of the weight of the evidence is for the trial court. Accordingly, Branche Builders' expert testimony constitutes evidence to reasonably support the trial court's finding the failure to follow the manufacturer's specifications was the most probable cause of the buckling. Therefore, the trial court's decision is

**AFFIRMED.**

HEARN, C.J., and THOMAS, J., concur.