**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Walters Construction, Inc., Respondent,

v.

Stanley J. Sledziona and Sharon Sledziona, Appellants.

Appellate Case No. 2013-001357

———————

Appeal From Dorchester County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-233
Submitted February 1, 2015 – Filed May 6, 2015

———————

**AFFIRMED**

———————

Peter Brandt Shelbourne, of Shelbourne Law Firm, of Summerville, for Appellants.

Frank M. Cisa, of Cisa & Dodds Law Firm, LLP, of Mount Pleasant, for Respondent.

———————

**PER CURIAM:** Stanley and Sharon Sledziona appeal the trial court's order granting judgment to Walters Construction, Inc. (Builder) in the amount of $121,900 for breach of contract related to the purchase of a home. The Sledzionas argue the trial court erred in (1) finding they breached the contract when there was

never a final settlement and Builder never provided a certificate of occupancy and (2) failing to consider both the partial down payment paid by the Sledzionas and an erroneous charge when awarding damages.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in finding the Sledzionas breached the contract:  *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 47, 686 S.E.2d 200, 202 (Ct. App. 2009) ("An action for breach of contract seeking money damages is an action at law." (quotation marks omitted)); *id.* ("On appeal of an action at law tried without a jury, we will not disturb the trial court's findings of fact unless no evidence reasonably supports the findings."); *id.* ("Additionally, the appellate court can correct errors of law."); *id.* ("The trial court's findings are equivalent to a jury's findings in a law action."); *id.* ("Questions regarding credibility and the weight of the evidence are exclusively for the trial court."); *id.* at 48, 686 S.E.2d at 202 ("We must look at the evidence in the light most favorable to the respondents and eliminate from consideration all evidence to the contrary." (quotation marks omitted)); *id.* ("The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach."); 30 S.C. Jur. *Contracts* § 66 (1999) ("In general, an anticipatory breach of contract is one committed before the time has come when there is a present duty of performance, and is the outcome of words or acts evincing an intention to refuse performance in the future.").

2.  As to whether the trial court erred in awarding $121,900 in damages:  *Vortex Sports & Entm't, Inc. v. Ware*, 378 S.C. 197, 208, 662 S.E.2d 444, 450 (Ct. App. 2008) ("The trial court is vested with considerable discretion over the amount of a damages award, and our review of the amount of damages is limited to the correction of errors of law."); *id.* ("In reviewing a damages award, we do not weigh the evidence, but determine if any evidence supports the award.").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.