**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, N.A. as trustee for the Certificate holders of Banc of America Mortgage Securities, Inc. Mortgage Pass - Through Certificates, Series 2005-E, Plaintiff,

v.

Daniel O. Myers, Bethany A. Theis, and Bank of America, N.A., Defendants,

Daniel O. Myers and Bethany A. Theis, Respondents,

v.

Aubie Melot, John Melot, and Carolina One LLC, Third-Party Defendants,

Of whom John Melot is the Appellant.

Appellate Case No. 2015-001748

─────────────

Appeal From Charleston County
Maite Murphy, Circuit Court Judge

─────────────

Unpublished Opinion No. 2018-UP-344
Submitted November 1, 2017 – Filed August 1, 2018

─────────────

**AFFIRMED**

─────────────

Michael Brooks Derrick, of Law Office of M. Brooks Derrick, LLC, of Simpsonville, for Appellant.

Mary Leigh Arnold, of Mary Leigh Arnold, PA, of Mt. Pleasant, for Respondents.

---

**PER CURIAM:** John Melot appeals the circuit court's finding that Melot breached a real estate contract, as well as the circuit court's award of damages for his breach. Melot argues the contract provided him the right to terminate prior to the mortgagor's approval of the short sale and upon an unsatisfactory inspection. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding Melot in breach of contract: *Madden v. Bent Palm Invs., LLC*, 386 S.C. 459, 464, 688 S.E.2d 597, 599 (Ct. App. 2010) ("A breach of contract action is an action at law."); *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 47, 686 S.E.2d 200, 202 (Ct. App. 2009) ("On appeal of an action at law tried without a jury, we will not disturb the trial court's findings of fact unless no evidence reasonably supports the findings. Additionally, the appellate court can correct errors of law." (citation omitted)); *id.* at 48, 686 S.E.2d at 202 ("The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach."); *Lee v. Univ. of S.C.*, 407 S.C. 512, 517, 757 S.E.2d 394, 397 (2014) ("The law in this state regarding the construction and interpretation of contracts is well settled." (quoting *Progressive Max Ins. Co. v. Floating Caps, Inc.*, 405 S.C. 35, 46, 747 S.E.2d 178, 183 (2013)); *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 499, 649 S.E.2d 494, 502 (Ct. App. 2007) ("If a contract's language is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required and its language determines the instrument's force and effect."); *Lewis v. Premium Inv. Corp.*, 351 S.C. 167, 171, 568 S.E.2d 361, 363 (2002) ("It is not the function of the court to rewrite contracts for parties."); *Lee*, 407 S.C. at 518, 757 S.E.2d at 397 ("A court must enforce an unambiguous contract according to its terms regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully." (quoting *S.C. Dep't. of Transp. v. M & T Enters. of Mt. Pleasant*, 379 S.C. 645, 655, 667 S.E.2d 7, 13 (Ct. App. 2008)).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2. As to whether the circuit court erred in awarding damages: *Vortex Sports & Entm't, Inc. v. Ware*, 378 S.C. 197, 208, 662 S.E.2d 444, 450 (Ct. App. 2008) ("The trial court is vested with considerable discretion over the amount of a damages award, and our review of the amount of damages is limited to the correction of errors of law. . . . [W]e do not weigh the evidence, but determine if any evidence supports the award." (citation omitted)); *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962) ("The general rule is that for a breach of contract[,] the defendant is liable for whatever damages follow as a natural consequence and a proximate result of such breach."); *Minter v. GOCT, Inc.*, 322 S.C. 525, 528, 473 S.E.2d 67, 70 (Ct. App. 1996) ("The purpose of an award of damages for breach of contract is to put the plaintiff in as good a position as he would have been in if the contract had been performed.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**