**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Quality Lawn Care and Landscaping, Inc. d/b/a Design South Landscape Co., Appellant,

v.

Coogler Construction Company, Inc., Respondent.

Appellate Case No. 2018-001156

_____

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

_____

Unpublished Opinion No. 2021-UP-191
Heard February 11, 2021 – Filed June 2, 2021

_____

**AFFIRMED**

_____

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellant.

Edward Wade Mullins, III, of Bruner Powell Wall & Mullins, LLC, of Columbia, Respondent.

_____

**PER CURIAM:** Quality Lawn Care and Landscaping, Inc. d/b/a Design South Landscape Company (Quality) appeals the master-in-equity's order finding it breached its contract with Coogler Construction Company, Inc. (Coogler) by building a retaining wall in the wrong location. Quality also asserts that even if it

did breach the contract, the master erred in ordering it to pay for the removal and reconstruction of the entire wall.  We affirm.

**FACTS/PROCEDURAL HISTORY**

This action deals with the construction of a retaining wall for an apartment complex.  Edward Rose Development Company, LLC (Rose) was the owner and the general contractor of the overall project, and Coogler was one of Rose's subcontractors.  Coogler subcontracted with Quality for the construction of certain retaining walls.  Quality and Coogler entered into a contract after Quality submitted a construction bid to build the walls and Coogler accepted the bid.[1]  Quality built two segmental retaining walls, one of which (Wall H) is the subject of this dispute.

Rose hired a surveyor, and the surveyor used a Computer Assisted Drawing (CAD) to mark Wall H's location by placing stakes that told Quality how far away the top of the wall was supposed to be from the stake.  The bid submitted by Quality and accepted by Coogler did not provide the terms for how Quality would build Wall H.  However, the parties agreed that Quality was responsible for placing Wall H based off of the surveyor's stakes.  After Quality finished building Wall H, workers building an adjacent parking lot discovered Wall H was too close to the lot and consequently, the lot could not be placed in its designed location.  The surveyor determined the coordinates of Wall H and created an as-built drawing comparing Wall H's actual location to its designed location on the CAD file.  The as-built drawing showed Wall H deviated from the design for the majority of its length, and was between 1.3 feet to 3.8 feet closer to the parking lot at various points.

Rose refused to accept Wall H because it was not in the correct location.  Rose demanded that Coogler tear the wall down and rebuild it in the correct location, or it would hire another subcontractor and charge Coogler.  Coogler informed Quality that Wall H had to be removed and rebuilt, and Quality refused.  Coogler then removed Wall H and hired another subcontractor to rebuild it.  Coogler did not pay Quality for the original construction of Wall H.

Quality filed a complaint alleging Coogler breached their contract by failing to pay Quality for building Wall H.  Coogler answered and counterclaimed, asserting Quality breached the contract by building Wall H in the wrong place and refusing

---

[1] Quality subsequently amended the bid to increase the contract price after the parties agreed to expand Quality's obligations regarding the retaining walls.

to rebuild it.  The master found Quality breached the contract and entered a judgment in Coogler's favor in the amount of $64,752.55.[2]  This appeal followed.

**STANDARD OF REVIEW**

"An action for a breach of contract is an action at law."  *Palmetto Mortuary Transp., Inc. v. Knight Sys., Inc.*, 424 S.C. 444, 452, 818 S.E.2d 724, 729 (2018).  When such an action "is tried without a jury, the [master's] findings of fact will be upheld on appeal . . . unless [they are] wholly unsupported by the evidence or unless it clearly appears the findings were influenced or controlled by an error of law."  *Butler Contracting, Inc. v. Court St., LLC*, 369 S.C. 121, 127, 631 S.E.2d 252, 255–56 (2006).  "In a law case tried without a jury, questions regarding the credibility and the weight of evidence are exclusively for the [master]."  *In re Est. of Anderson*, 381 S.C. 568, 573, 674 S.E.2d 176, 179 (Ct. App. 2009) (quoting *Golini v. Bolton*, 326 S.C. 333, 342, 482 S.E.2d 784, 789 (Ct. App. 1997)).  The appellant bears the burden of showing the master erred.  *Ehlke v. Nemec Constr. Co.*, 298 S.C. 477, 481, 381 S.E.2d 508, 510 (Ct. App. 1989).

**LAW/ANALYSIS**

"The elements for a breach of contract are the existence of a contract, its breach, and damages caused by such breach."  *Johnson v. Little*, 426 S.C. 423, 428, 827 S.E.2d 207, 210 (Ct. App. 2019) (quoting *Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 414 S.C. 635, 652, 780 S.E.2d 263, 272 (Ct. App. 2015)).

The parties did not dispute the existence of a contract.  Quality submitted a bid to build retaining walls and Coogler accepted that bid.  The parties agreed that Quality would build Wall H based on the surveyor's stakes, and Quality built Wall H.  *See Miller v. Dillon*, 432 S.C. 197, 208, 851 S.E.2d 462, 468 (Ct. App. 2020) ("The necessary elements of a contract are an offer, acceptance, and valuable consideration." (quoting *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012))).  Therefore, the only issues are breach and damages.

---

[2] This amount is the difference between the cost Coogler incurred in removing Wall H and paying another subcontractor to reconstruct it and its contract price with Quality, plus other charges irrelevant to this appeal.

## I.    Breach of Contract

Quality argues the master erred in finding it breached the contract, asserting the surveyor erred in marking the location of Wall H.  We disagree.  Relying on the as-built drawing, the master found Wall H was between 1.3 feet and 3.8 feet closer to the parking lot than designed.  The parties offered conflicting evidence as to whether the error was the result of work done by Quality or the surveyor.  After hearing and reviewing all the evidence, the master found the wall being built in the wrong location was due to mistakes made by Quality.  The record supports the master's finding.  The surveyor testified he correctly marked Wall H's location.  Photographs showed the wall was not placed in accordance with the surveyor's stakes, which caused the deviation from its designed location.  *See Butler Contracting*, 369 S.C. at 127, 631 S.E.2d at 255–56 ("In an action at law, when a case is tried without a jury, the [master's] findings of fact will be upheld on appeal . . . unless [they are] wholly unsupported by the evidence or unless it clearly appears the findings were influenced or controlled by an error of law."); *Est. of Anderson*, 381 S.C. at 573, 674 S.E.2d at 179 ("In a law case tried without a jury, questions regarding the credibility and the weight of evidence are exclusively for the [master]." (quoting *Golini*, 326 S.C. at 342, 482 S.E.2d at 789)).  Therefore, we affirm the master on this ground.[3]

---

[3] Quality also argues the master erred in finding it breached the contract because the contract contained no tolerances for Wall H's location, which it asserts is an "essential element" due to the variance in the retaining wall blocks' size.  We disagree.  The absence of an "essential element" would mean a contract does not exist.  *See Stanley Smith & Sons v. Limestone Coll.*, 283 S.C. 430, 434, 322 S.E.2d 474, 477  (Ct. App. 1984) ("The parties must manifest their mutual assent *to all essential terms of the contract in order for an enforceable obligation to exist.  If one of the parties has not agreed, then a prerequisite to formation of the contract is lacking.*" (emphasis added) (citation omitted)).  It is undisputed that Quality and Coogler agreed that Quality would build Wall H according to the surveyor's stakes.  Quality could have included tolerances in its bid, when the parties subsequently amended Quality's responsibilities and the contract price, or when the parties agreed that Quality would place Wall H based on the surveyor's stakes.  However, the record shows tolerances were not discussed until after Wall H was completed.  Therefore, this argument is without merit, and we affirm the master.

## II. Remedy for Breach of Contract

Quality argues the master erred in finding it should pay for the cost of the removal and reconstruction of Wall H. Quality asserts the proper remedy should have been a partial reconstruction of Wall H in the areas where it was not properly located. We disagree. "The general rule is that for a breach of contract[,] the [breaching party] is liable for whatever damages follow as a natural consequence and a proximate result of such breach." *Little*, 426 S.C. at 431, 827 S.E.2d at 212 (alterations in original) (quoting *Hotel & Motel Holdings*, 414 S.C. at 652, 780 S.E.2d at 272); *id.* ("In a breach of contract action, damages serve to place the nonbreaching party in the position he would have enjoyed had the contract been performed." (quoting *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009))); 17 S.C. Jur. *Construction Law* § 9 (1993) ("Generally, a subcontractor is liable to the contractor for the contractor's cost of correcting the subcontractor's defective work."). The master found that due to the nature of a segmental retaining wall, it was not possible to leave portions of the wall in place and remove other portions to place them in the correct location. The record supports this finding; two of Coogler's witnesses testified the only way to fix Wall H was to take it down and rebuild it in the correct location. *See Butler Contracting*, 369 S.C. at 127, 631 S.E.2d at 255–56 ("In an action at law, when a case is tried without a jury, the [master's] findings of fact will be upheld on appeal . . . unless [they are] wholly unsupported by the evidence or unless it clearly appears the findings were influenced or controlled by an error of law."); *Est. of Anderson*, 381 S.C. at 573, 674 S.E.2d at 179 ("In a law case tried without a jury, questions regarding the credibility and the weight of evidence are exclusively for the [master]." (quoting *Golini*, 326 S.C. at 342, 482 S.E.2d at 789)). Further, Coogler presented evidence of the cost it incurred to rebuild Wall H, and the master ordered Quality to pay the difference in what Coogler would have paid Quality for Wall H's construction and what it ultimately paid. *See Little*, 426 S.C. at 431, 827 S.E.2d at 212 ("In a breach of contract action, damages serve to place the nonbreaching party in the position he would have enjoyed had the contract been performed." (quoting *Coggins*, 386 S.C. at 48, 686 S.E.2d at 202)). Therefore, we find the remedy awarded by the master was proper, and we affirm on this issue.

## CONCLUSION

Based on the foregoing, the master's order is

**AFFIRMED.**

**WILLIAMS, THOMAS, and HILL, JJ.**, concur.