**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stevens Builders, LLC, Appellant,

v.

Michael C. Garraway, Alicia M. Garraway, and TD Bank, N.A., Defendants,

of whom TD Bank, N.A. is the Respondent.

Appellate Case No. 2022-001132

───────────────

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge
Maite Murphy, Circuit Court Judge
Marvin H. Dukes, III, Circuit Court Judge

───────────────

Unpublished Opinion No. 2025-UP-084
Submitted February 1, 2025 – Filed March 12, 2025

───────────────

**AFFIRMED**

───────────────

Benjamin Terrell Coppage, of Coppage Law Firm, LLC, of Beaufort, for Appellant.

James Martin Page, of Bell Carrington Price & Gregg, LLC, of Columbia, for Respondent.

───────────────

**PER CURIAM:** Stevens Builders, LLC (Stevens Builders) appeals the circuit court's order granting summary judgment in favor of TD Bank, N.A. (TD Bank). On appeal, it argues the circuit court erred in (1) granting TD Bank's motion to be relieved from entry of default, (2) denying Stevens Builders' motion for entry of default judgment, and (3) finding there were no genuine issues of material fact regarding its breach of contract claim. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not abuse its discretion when it found good cause existed and granted TD Bank's motion for relief from entry of default because Rule 55(c) of the South Carolina Rules of Civil Procedure does not require oral testimony or affidavits for a court to grant relief from entry of default, TD Bank provided an explanation for its default, and the three good cause factors weighed in favor of TD Bank. *See Richardson v. P.V., Inc.*, 383 S.C. 610, 614, 682 S.E.2d 263, 265 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the [circuit] court."); *id.* ("The [circuit] court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *Regions Bank v. Owens*, 402 S.C. 642, 647, 741 S.E.2d 51, 54 (Ct. App. 2013) ("An abuse of discretion occurs when the judgment is controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."). Rule 55(c) only requires a party provide an explanation for the default and why relief therefrom would serve the interests of justice; it does not require a party specifically present affidavits or oral testimony. *See* Rule 55(c), SCRCP ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b) [of the South Carolina Rules of Civil Procedure]."); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice."). TD Bank provided an explanation for its default: it was served with a high volume of mechanic's lien cases that did not require an answer, Stevens Builders' complaint was styled as a mechanic's lien case, and its cause of action for breach of contract only composed a small portion of the complaint. There is evidence to support the circuit court's finding of good cause and that the three factors weighed in favor of TD Bank because it provided an explanation for default, filed its motion when it learned of the action, and had meritorious defenses to the breach of contract claim as discussed below. Furthermore, Stevens Builders was not specifically prejudiced by further delays in the litigation. *See id.* at 607-08, 681 S.E.2d at 888 ("Once a party has put forth a

satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted."); *In re Est. of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997) ("Rule 55(c) should be liberally construed so as to promote justice and dispose of cases on the merits.").

2. We hold the circuit court did not abuse its discretion when it denied Stevens Builders' third motion for entry of default because, although the circuit court's order stated TD Bank was to file an answer or other pleading, Rule 55(a) of the South Carolina Rules of Civil Procedure only permits an entry of default when the party fails to answer or otherwise defend, which TD Bank did when it filed a motion to dismiss. *See Weeks*, 329 S.C. at 259, 495 S.E.2d at 459 (Ct. App. 1997) (applying an abuse of discretion standard of review when examining whether the circuit court erred in affirming the probate court's refusal to find a party in default); *Regions Bank*, 402 S.C. at 647, 741 S.E.2d at 54 ("An abuse of discretion occurs when the judgment is controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."); Rule 55(a), SCRCP ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar . . . ."); *Stark Truss Co. v. Superior Const. Corp.*, 360 S.C. 503, 508 n.1, 602 S.E.2d 99, 102 n.1 (Ct. App. 2004) ("The words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading." (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (3rd ed. 1989))).

3. We hold the circuit court did not err in granting TD Bank's motion for summary judgment because the construction loan agreement (CLA) was clear and unambiguous as to when TD Bank must make a disbursement, the fact that TD Bank had the sole discretion to change the timing and amount of disbursements listed in any schedule, and that progress reports were determined by TD Bank's sole discretion and for its benefit only. *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (holding "the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law'" (alteration in original) (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Kitchen Planners*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))). Although Stevens Builders argues that the existence of a worksheet at the inception of the CLA made the CLA ambiguous, the express terms of the CLA provided that TD Bank could, in its sole discretion, change the timing and amounts of disbursements listed in any schedule, which would include any worksheet, and that the progress reports generated were for TD Bank's benefit only and made in its own discretion. Furthermore, the CLA explicitly stated that before TD Bank was to disburse funds, the lenders must present written demand from Stevens Builders, which did not occur; accordingly, there were no issues of material fact as to any element of a breach of contract claim. *See Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009) ("The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach."); *S.C. Dep't of Transp. v. M & T Enter. of Mt. Pleasant, LLC*, 379 S.C. 645, 655, 667 S.E.2d 7, 13 (Ct. App. 2008) ("When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary, and popular sense."); *id.* ("We are without authority to alter an unambiguous contract by construction or to make new contracts for the parties."); *McGill v. Moore*, 381 S.C. 179, 187, 672 S.E.2d 571, 575 (2009) ("If a contract contains a condition precedent, that condition must either occur or it must be excused before a party's duty to perform arises.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.